IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ROBERT M. FOX,

                Plaintiff,

                                          Civ. Action No.
                                          5:02-CV-1445 (HGM/DEP)

  vs.

COUNTY OF CAYUGA, *et al.*,

                Defendants.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

SIEGEL, KELLEHER LAW FIRM      MARCIE MASON, ESQ.
420 Franklin Street
Buffalo, New York 14202

FOR DEFENDANT CAYUGA COUNTY:

GOLDBERG SEGALLA LAW FIRM      KENNETH M. ALWEIS, ESQ.
5789 Widewaters Parkway               SANDRA J. SABOURIN, ESQ.
Syracuse, New York 13214

FOR DEFENDANT PICKNEY:

PETRONE & PETRONE, P.C.             DAVID H. WALSH, IV, ESQ.
1624 Genesee Street
Utica, New York 13502


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This action, at the heart of which are allegations of same-gender sexual harassment of the plaintiff, formerly employed in a custodial position by defendant Cayuga County, against then-Cayuga County Sheriff Peter Pickney, was commenced on November 15, 2002 with a great deal of public notoriety, and every indication of an intention on plaintiff's part to vigorously pursue his claims. Since that time a new attorney, affiliated with the same law firm as his prior counsel, has assumed responsibility for representing the plaintiff in the action. During the period that plaintiff has been represented by his present counsel little if anything has been done to further his cause, and both defendants' attorneys and the court have experienced great difficulty in obtaining cooperation, despite significant prodding, from the plaintiff and his legal representative.

Now pending before me are applications by defendants Peter Pickney and the County of Cayuga, who are separately represented, for an appropriate order based upon plaintiff's failure to cooperate in connection with discovery, and specifically his non-compliance with a prior

discovery order issued by me a year and a half ago.[1]  Having carefully reviewed the procedural history of this case, and being fully familiar with the exhaustive efforts on the part of the court and defendants' counsel to secure cooperation from the plaintiff in connection with pretrial discovery and otherwise, to relatively little avail, and having concluded that by their inaction plaintiff and his attorney have manifested a total lack of interest in pursuing the claims set forth in his complaint, I recommend that it be dismissed, and that appropriate sanctions, including costs and attorney's fees, be awarded to the defendants.

I.   BACKGROUND

Represented at the time by Jennifer Ann Coleman, Esq., an attorney affiliated with the firm of Siegel, Kelleher located in Buffalo, New York, plaintiff commenced this action on November 15, 2002.[2]  Dkt. No. 1.  In his complaint, as more recently amended, *see* Dkt. No. 25, plaintiff names as defendants Peter Pickney, the former Sheriff of Cayuga County, as well as Cayuga County, and asserts, *inter alia*, claims under Title VII of the

---

[1]   There is also separately pending before Senior District Judge Howard G. Munson a motion brought by defendant Pickney seeking dismissal of plaintiff's claims against him.  Dkt. No. 45.

[2]   At the time of filing plaintiff was also co-represented by Michael G. Bass, Esq., an attorney with an office in Auburn, New York.  That representation was terminated, however, on December 19, 2003.  *See* Dkt. No. 26.

3

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1983, as well as pendent state law claims including under New York's Human Rights Law, N.Y. Executive Law § 290 *et seq.* Plaintiff's complaint seeks various relief including an award of compensatory damages for mental anguish and emotional distress.

From the outset, compliance by the parties with the court's requirements and expectations has been less than satisfactory, and little has been accomplished in this case in the three and one-half years during which it has been pending. Upon commencement of the action the court issued a General Order No. 25 packet scheduling an in-person Rule 16 conference to be held before me in Syracuse, New York on March 13, 2003. No one appeared for the scheduled conference, however, nor was a Civil Case Management Plan submitted in advance of that date, as also required by the initial order. Following a rescheduled Rule 16 conference, conducted on April 3, 2003, a Uniform Pretrial Scheduling Order was issued on April 8, 2003 setting forth various controlling deadlines including, *inter alia*, a discovery deadline of December 31, 2003. *See* Dkt. No. 11.

On December 10, 2003 I conducted a hearing to address plaintiff's motion for leave to amend his complaint, which motion was opposed by

the defendants, as well as an in-person pretrial conference to address the status of the case. During that conference I was advised by the parties that written discovery demands served by defendant Cayuga County upon the plaintiff in October of 2003 remained unanswered and little if any discovery had otherwise occurred.[3] As a result of that session an Amended Uniform Pretrial Scheduling Order was issued on December 10, 2003 setting forth a revised schedule to govern progression of the case and establishing a new discovery deadline of June 30, 2004. Dkt. No. 23. A second order resulting from that conference was issued on December 12, 2003, permitting the filing by plaintiff of an amended complaint, which was subsequently filed on December 19, 2003.[4] Dkt. Nos. 24, 25.

A telephone conference was conducted by the court on March 8, 2004 to address, among other issues, the parties' pretrial discovery progress in the action. During that conference plaintiff's counsel represented that she would respond to the as yet unanswered discovery

---

[3] During that conference the parties also advised the court that defendants would be seeking permission forms authorizing the release of plaintiff's medical records, and that they would voluntarily be provided.

[4] Plaintiff's amended complaint did not materially reshape the case or modify in a significant way the allegations against the various defendants. The amended complaint did, however, drop the Cayuga County Sheriff's Department as a separately named defendant. See Dkt. No. 25.

5

requests served by the defendants within two weeks.[5] At that time, a further Amended Uniform Pretrial Scheduling Order was issued by me on April 22, 2004 establishing a new discovery deadline of September 30, 2004.  *See* Dkt. No. 31.

On October 4, 2004 I conducted a digitally recorded telephone conference to address various discovery issues raised by both sides.  As an initial matter, during that conference plaintiff's counsel advised that she would be leaving the Siegel, Kelleher Law Firm and that the matter would be transferred to someone else within that firm.  *See* Dkt. No. 37.  In that conference, after ruling upon various discovery issues raised by the plaintiff, I was asked to address defendants' concerns regarding the sufficiency of responses received from the plaintiff to their written discovery requests.  I directed the plaintiff to provide proper responses to those discovery requests within twenty days, and advised his counsel that I did not regard it as proper for plaintiff simply to cite and rely upon his prior sworn testimony in response to defendants' interrogatories, without further explanation.  *Id.*  An order was subsequently issued by me on October 6, 2004, in part granting defendants' cross-motion for an order

---

[5] During a later conference, conducted on June 21, 2004 counsel for the parties and the court were advised that plaintiff had experienced some delay in meeting that deadline as a result of a medical condition suffered by his counsel.

compelling discovery and providing

> that plaintiff is directed to provide proper
> objections and/or responses, under oath, to
> the interrogatories posed by the defendants
> within twenty (20) days of the date of this
> order[.]

Dkt. No. 39.[6]

What little momentum that had been developed in the case by the time of that conference soon evaporated with the change of plaintiff's attorneys. Following a brief hiatus between the fall of 2004 and March 31, 2005, due to a bankruptcy proceeding commenced by Sheriff Pickney, the case resumed, with Marcie J. Mason, Esq. as substitute counsel for the plaintiff.[7] At the time of her first appearance in the case in connection with the March 31, 2005, conference, Attorney Mason was not admitted to practice in this court. During the conference Attorney Mason stated to the court that she had moved in January for admission *pro hac vice*, but that the motion had for some reason not been docketed. Dkt. No. 43. After

---

[6] Based upon the discussion during that conference, I also issued an order further extending the discovery deadline in the case until December 31, 2004. Dkt. No. 38.

[7] As a result of that bankruptcy filing an order was issued on February 11, 2005 staying the action indefinitely. Dkt. No. 42. While the minute entry relating to a telephone conference conducted on March 31, 2005 does not so reflect, my personal notes reveal that on that date the court and the parties were informed that Sheriff Pickney had received a bankruptcy discharge, and therefore the stay of the action should be lifted. In any event it appears clear that from that point forward the parties and the court proceeded with the action without regard to the stay previously in place.

being directed to refile the application, plaintiff's counsel did attempt to refile it, with payment of the requisite fee, on April 5, 2005. That application for *pro hac vice* admission was deemed incomplete, however, and a docket entry indicates that counsel was to be contacted by the court to request additional documentation. *See* Dkt. Entry dated 4/5/05.

After the passage of a considerable amount of time without receipt of the missing documents, on August 8, 2005 my Courtroom Deputy contacted Attorney Mason and pointed out the deficiencies in her application for admission. *See* Dkt. Entry dated 8/8/05. During a subsequent conference conducted by me on August 16, 2005 in connection with the case, Attorney Mason advised the court that she had mailed out the missing documentation, although it was indicated that it had not yet been received. *See* Dkt. Entry dated 8/16/05. On September 6, 2005, still not having received the promised paperwork, the court provided Attorney Mason with a final notification that her paperwork for *pro hac vice* admission would have to be submitted to the court in order for her to continue representing the plaintiff.[8] *See* Dkt. Entry dated 9/6/05. The failure of plaintiff's attorney to provide the missing documentation, despite

---

[8] As a result of the delay occasioned by failure of plaintiff's attorney to become properly registered with the court, a text order was issued on August 17, 2005 further extending the discovery deadline in the case to December 30, 2005.

this final warning, once again necessitated a call from my Courtroom Deputy to Attorney Mason on September 13, 2005.  During that telephone conversation Attorney Mason once again promised to provide the missing documentation.  *See* Dkt. Entry dated 9/13/05.

A telephone conference was conducted by me in connection with this action on October 6, 2005.  At the outset of that conference I expressed my extreme displeasure at Attorney Mason not having filed the necessary papers to secure her admission to the bar of the court *pro hac vice*.  *See* Dkt. Entry dated 10/6/05.  I advised plaintiff's counsel that if the missing documents were not supplied within a week an order would issued requiring her to show cause why sanctions should not be issued, and stating the order would be copied to the managing partner of the Siegel, Kelleher law firm.  *See* Dkt. Entry dated 10/6/05.  The required papers for Attorney Mason were subsequently received by the court on or about October 14, 2005, resulting in the issuance of an order on October 17, 2005 granting her application.  Dkt. Nos. 48, 49.

The inaction of plaintiff's counsel associated with her application for admission to the court appears to have not been an isolated occurrence. Represented by Attorney Mason, plaintiff failed to timely respond to a motion filed on October 6, 2005 by defendant Pickney seeking dismissal

of plaintiff's complaint. Dkt. No. 45. Despite the issuance of a text order establishing a hearing date of December 9, 2005 for that motion and requiring a response by November 22, 2005, *see* Dkt. Entry dated 10/11/05, and a subsequent notice reestablishing a hearing date of January 13, 2006, and a motion response deadline of December 27, 2005, *see* Dkt. Entry dated 12/08/05, during a conference conducted by me on December 13, 2005 I pointed out to plaintiff's counsel that she had not yet properly responded to the motion and inquired as to why that was the case. *See* Dkt. Entry dated 12/13/05. In direct contravention of both this court's local rules and the directives set forth in text notices in the docket sheet, plaintiff's counsel failed to respond to the dismissal motion until the day of oral argument, appearing in court on January 13, 2006 for argument and requesting permission to hand up to the bench plaintiff's response. *See* Dkt. No. 51. While under the court's scheduling order and local rules those papers properly could have been rejected, permission to file them out of time was granted by Judge Munson.

The circumstances underlying defendants' motions to compel discovery exhibit a similar pattern. At issue in the motion filed by defendant Pickney are interrogatories served upon the plaintiff on May 18, 2004. Defendant Pickney's motion seeks amended responses to the May

10

18, 2004 interrogatories, as required in my October 6, 2004 order, as well as signed medical authorizations necessary to obtain plaintiff's records for use in connection with a Rule 35 psychiatric examination which was scheduled for earlier this year, but had to be rescheduled in light of plaintiff's failure to provide the requested authorizations. Defendant Pickney's motion papers establish to the court's satisfaction that reasonable efforts were made by that defendant to obtain the requested amended responses and signed authorizations.

Cayuga County's motion addresses interrogatories served upon the plaintiff on October 12, 2003. On April 1, 2004, plaintiff provided responses to those interrogatories; the responses, however, were both unsworn, and, in the view of defendant Cayuga County's counsel, unsatisfactory. In reliance upon my order dated October 6, 2004, counsel for the County has attempted to obtain amended and properly sworn responses from the plaintiff. On or about December 19, 2005, defendants' counsel received what purported to be amended responses to the interrogatories. Despite the court's expressed feeling regarding generalized reliance upon earlier sworn testimony, the amended responses did not significantly provide more detail and less reliance upon that testimony, and additionally were once again unsworn, despite the

11

requirements of Rule 33 of the Federal Rules of Civil Procedure and my order of October 6, 2004 in that regard. Like Sheriff Pickney, Cayuga County has established to my satisfaction an effort, without success, to resolve the outstanding discovery issues.

## II.     PROCEDURAL HISTORY

During a conference conducted on March 21, 2006, in accordance with the requirements of Northern District of New York Local Rule 7.1, I granted defendants permission to file a motion to compel discovery and indicated that I would award sanctions against the plaintiff if I deemed it appropriate. *See* Dkt. Entry dated 3/21/06. Defendant Pickney thereafter filed a motion, dated May 16, 2006, seeking the issuance of an appropriate order under Rule 37 of the Federal Rules of Civil Procedure, based upon plaintiff's failure to provide proper interrogatory responses and signed medical authorizations. Dkt. No. 55. Defendant Cayuga followed suit by the filing on or about May 17, 2006 of its own motion to compel discovery based upon the insufficiency of plaintiff's interrogatory responses. Dkt. No. 57. Despite the passage of the deadlines for doing so, plaintiff has failed to submit any opposition to defendants' motion.[9]

---

[9] The text entries associated with defendants' motion filings clearly advise that plaintiff's responses to defendants Pinkney's and Cayuga's motions were due on June 5, 2006.

III. DISCUSSION

Defendants' motions are brought pursuant to Rule 37 of the Federal Rules of Civil Procedure. While not foreclosing the possibility of dismissal at an earlier juncture, Rule 37 contemplates a two step process when addressing a party's refusal to provide appropriate discovery. By its express terms, the rule provides that a failure to respond to legitimate discovery will generally first result in the issuance of an order compelling discovery. Fed.R.Civ.P. 37(a); *Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d Cir. 1990). The rule goes on to authorize the imposition of sanctions, some of which are necessarily harsh, in the event of a party's failure to comply with the court's discovery directive. Fed.R.Civ.P. 37(b). Under Rule 37(b)(2), which addresses a party's failure to comply with a court order compelling discovery,

> [t]he court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2).[10]  In recognition of the harshness of the ultimate dismissal remedy, the Second Circuit has cautioned that it should be invoked only in cases where 1) a party has by his or her actions manifested willfulness, bad faith, or fault; 2) less severe remedies are unlikely to succeed; and 3) the party has been warned that failure to comply with court orders could result in dismissal.  *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943, 111 S. Ct. 1404 (1991); *Lediju v. New York City Dep't of Sanitation*, 173 F.R.D. 105, 112 (S.D.N.Y. 1997) (citing, *inter alia*, *Bobal*); *see also Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207-08, 78 S. Ct. 1087, 1093-94 (1958).

In this instance I am convinced that nothing short of dismissal, supplemented by an award of costs and attorney's fees, will serve the interests of justice and protect the integrity of the judicial process.  Despite the issuance of an order setting forth an explicit directive on October 6, 2004, plaintiff has failed to provide proper, sworn interrogatory responses to the defendants.  Additionally, having promised to do so on several

---

[10] The rule goes on to provide that in lieu of or in addition to such relief, the court may also direct the party and/or the party's attorney to pay reasonable expenses, including attorneys' fees, incurred by other parties as a result of the failure. Fed. R. Civ. P. 37(b).

14

occasions, including in the court's presence as early as December 10, 2003, plaintiff's counsel has failed to provide medical authorizations necessary for defendants to obtain plaintiff's psychological records to probe his claim for damages for mental anguish and emotional distress and provide a basis for an examination pursuant to Rule 35 of the Federal Rules of Civil Procedure.[11]

Were the plaintiff in the action unrepresented, I would take pause in recommending the drastic remedy of dismissal, particularly in light of the Second Circuit's views regarding the latitude and deference that should be afforded to *pro se* litigants who are unsophisticated and, in most instances, unfamiliar with the rules which govern federal court litigation. *See, e.g.*, *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). This plaintiff, however, is fully represented by presumably competent counsel who has not only done nothing to move her client's case forward, but indeed has

---

[11] The subject of medical authorizations has been the subject of several discussions with the court subsequent to December 10, 2003. During a conference conducted on December 13, 2005, for example, plaintiff's counsel advised the parties and the court that she would provide the requested authorizations. In a subsequent conference held on February 15, 2006 plaintiff's counsel claimed that the requested authorizations had been mailed on February 10, 2006, although defendants advised that they had not yet received them. During a subsequent conference held on March 21, 2006 defendants' counsel advised that plaintiff's attorney had provided inaccurate or incomplete medical authorizations. Plaintiff's counsel promised to remedy the situation.

15

consistently hindered progress and foiled the efforts on the part of the court and defendants' counsel to bring this case to resolution.

In determining whether to recommend the drastic remedy of dismissal, I have looked to guidance provided by the Second Circuit in a slightly different, though analogous, context in connection with circumstances under which a district court should order dismissal of a complaint based upon a procedural default. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248 (2d Cir. 2004). In *Drake,* the Second Circuit instructed that before dismissing a complaint for failure to prosecute a court should examine five factors, including whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Drake*, 375 F.3d at 254.

Having considered these factors, I find that nothing short of dismissal will suffice based upon the consistently non-compliant and wholly lackluster efforts on the part of plaintiff to pursue his claims. The plaintiff's failure to prosecute this action has manifested itself over a significant period of time,

16

literally from the onset of his representation by Attorney Mason.  The court has provided repeated warnings to counsel regarding her failure to cooperate, and the potential for dismissal for failure to prosecute has been discussed during conferences.  While plaintiff is entitled to his day in court, defendants too have an interest in the avoidance of delay and the prolonging of proceedings in the action.

In light of the persistent failure of plaintiff and/or his counsel to comply with the court's requirements and the most recent failure to response to defendants' motion, I reluctantly though firmly recommend that defendants' motion be granted and, as a sanction, that the court dismiss plaintiff's complaint in its entirety.  In addition, finding no basis to conclude that plaintiff's failure to comply with my discovery order was substantially justified or that there are circumstances which would make an award of expenses unjust, I recommend both the plaintiff and his counsel be required to pay reasonable attorney's fees associated with the most recent motions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.

IV.   SUMMARY AND RECOMMENDATION

The plaintiff, who commenced this action some three and a half years ago, has done little if anything to pursue his claims and bring them to resolution.   During that time period plaintiff has on several occasions failed

to respond to legitimate discovery requests and to comply with the directives and requirements of this court.  Having carefully reviewed the procedural history of the case and notes of the many telephone conferences in which plaintiff's counsel was admonished to cure those deficiencies, to no avail, I find that in order to serve the interests of justice and protect the integrity of the judicial process, plaintiff's complaint in the case should be dismissed, and therefore will recommend that sanction for plaintiff's failure to comply with discovery.  In addition, finding no reason to order otherwise, I recommend that defendants be awarded costs and attorney's fees associated with the instant motion, to be imposed jointly upon the plaintiff and his attorney.

Based upon the foregoing, it is therefore hereby

RECOMMENDED, that defendants' motions pursuant to Rule 37 of the Federal Rules of Civil Procedure (Dkt. Nos. 55 and 57) be GRANTED, and that plaintiff's complaint be DISMISSED for failure to provide discovery and to comply with this court's order of October 6, 2004; and it is further hereby

RECOMMENDED, that as additional relief plaintiff be directed to pay reasonable expenses, including attorney's fees, incurred by the defendants in connection with the instant motions, to be imposed jointly and severally

against the plaintiff and his attorney.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the clerk is directed to promptly forward copies of this report and recommendation to counsel for the parties electronically.

David E. Peebles
U.S. Magistrate Judge


Dated:   June 21, 2006
         Syracuse, New York

19