IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ROBERT M. FOX,

                Plaintiff,

                                            Civ. Action No.
                                            5:02-CV-1445 (HGM/DEP)

    vs.

COUNTY OF CAYUGA, *et al.*,

                Defendants.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

SIEGEL, KELLEHER LAW FIRM        MARCIE MASON, ESQ.
420 Franklin Street
Buffalo, New York 14202

FOR DEFENDANT CAYUGA COUNTY:

GOLDBERG SEGALLA LAW FIRM       KENNETH M. ALWEIS, ESQ.
5789 Widewaters Parkway              SANDRA J. SABOURIN, ESQ.
Syracuse, New York 13214

FOR DEFENDANT PICKNEY:

PETRONE & PETRONE, P.C.            DAVID H. WALSH, IV, ESQ.
1624 Genesee Street
Utica, New York 13502


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

On June 21, 2006, I issued a written determination in this matter recommending that separate motions by defendant Cayuga County and the Cayuga County Sheriff's Department (collectively, the "Cayuga County Defendants"), and by defendant Peter Pickney, for relief based upon plaintiff's failure to respond to discovery requests and a court order compelling discovery be granted, and that plaintiff's complaint be dismissed based upon his failure to provide the required discovery responses.  Dkt. No. 59.  In that report and recommendation I also recommended that as additional relief, plaintiff and her attorney be directed to pay reasonable expenses, including attorneys' fees, incurred by the defendants in connection with the motions.  *Id.*  That report and recommendation was approved by Senior District Judge Howard G. Munson on July 11, 2006, Dkt. No. 60, and judgment has since been entered dismissing plaintiff's claims.  Dkt. No. 61.  In his decision, Senior District Judge Munson referred the matter back to me for a determination concerning the amount of attorneys' fees and expenses to be paid to the

defendants.[1]

The court has since received affidavits from Sandra J. Sabourin, Esq., who represents the Cayuga County defendants in this matter, Dkt. No. 62, and from David H. Walsh, IV, Esq., counsel for defendant Pickney, Dkt. No. 64. Those affidavits detail the legal effort expended and costs incurred in connection with the defendants' discovery motions. Despite the issuance of a text notice directing that plaintiff submit any papers in opposition to defendants' fee requests by September 1, 2006, no opposition has been received from either the plaintiff or his counsel regarding the issue.

In her affidavit, Attorney Sabourin indicates that a total of 8.70 hours were expended, principally by her, in connection with the Cayuga County defendants' motion, and additionally that reimbursable disbursements in the amount of $5.40 were incurred. Applying an hourly rate of $150, at which attorney time is apparently being invoiced by Ms. Sabourin's firm to Cayuga County, the Cayuga County defendants seek recovery of

---

[1] While this matter was referred to me by Senior District Judge Munson for a final determination, I note that the Second Circuit has recently questioned the power of an Article I, United States Magistrate Judge to decide the issue of costs and attorneys' fees in a non-consent setting. *See Sutton v. New York City Transit Auth.*, ___ F.3d ___, No. 04-0429-CV, 2006 WL 2468517, at *2 n.2 (2d Cir. Aug. 28, 2006). I am therefore respectfully issuing this decision as a report and recommendation, rather than as a final order regarding the issue.

$1,310.40 in fees and disbursements. In his affidavit, Attorney Walsh reveals that a total of 6.9 hours were spent in connection with the motion and preparation of the instant application for costs and attorneys' fees, and seeks reimbursement at a rate of $135.00 per hour, for a total of $931.50.[2,3]

Based upon the court's familiarity with the action, having reviewed the matter carefully, I find that the billing rates suggested by defendants' counsel and the amount of time purported to have been expended are both reasonable, and thus recommend that their motions for reimbursement of those amounts be granted.

Based upon the foregoing it is hereby

RECOMMENDED that the requests of the Cayuga County defendants and defendant Peter Pickney for reimbursements in the amounts of $1,310.40 and $931.50, respectively, be granted and that judgment for said amounts be entered against the plaintiff and his attorneys, the Seigel Keller Law Firm (Marcy J. Mason, Esq., of counsel),

---

[2] The time expended in preparing the application for costs and attorneys' fees is itself compensable under Rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(4)(A); *Sure Safe Indus. Inc. v. C&R Pier Mfg.*, 152 F.R.D. 625, 627 (S.D. Cal. 1993).

[3] While neither the Walsh affidavit nor the attached itemization explicitly so states, the court assumes that the services disclosed in Exhibit A to that affidavit were all performed by Attorney Walsh.

jointly and severally, and in favor of the defendants, in said amounts.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the clerk is directed to promptly forward copies of this report and recommendation to counsel for the parties electronically.

Dated:   September 6, 2006
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\Civil\2002\02-CV-1445\order6.wpd

5